IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.      Case No.: 25-CV-887

SMITH & WESSON M&P BODYGUARD
380 PISTOL, SERIAL NO.: KJM7088,

    Defendant.

VERIFIED COMPLAINT IN REM

Plaintiff, United States of America, by its attorney, Chadwick M. Elgersma, Acting United States Attorney for the Western District of Wisconsin, by Heidi L. Luehring, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G (2) of the Federal Rules of Civil Procedure:

1.    This is a civil action *in rem* brought to enforce the provision of 18 U.S.C. § 924(d) for the forfeiture of a firearm.

2.    The defendant property consists of one Smith & Wesson M&P Bodyguard 380 pistol, serial no.: KJM7088 (defendant firearm) seized from Torrence Chester in La Crosse, Wisconsin by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) on or about June 5, 2025.

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant firearm. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant firearms under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem*, pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

6. The defendant firearm is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) because of a violation of 18 U.S.C. § 922(a)(3).

> It shall be unlawful - for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides…any firearm purchased or otherwise obtained by such person outside that State, except that this paragraph (A) shall not preclude any person who lawfully acquires a firearm by bequest or intestate succession in a State other than his State of residence from transporting the firearm into or receiving it in that State, if it is lawful for such person to purchase or possess such firearm in that State, (B) shall not apply to the transportation or receipt of a firearm obtained in conformity with subsection (b)(3) of this section, and (C) shall not apply to the transportation of any firearm acquired in any State prior to the effective date of this chapter. 18 U.S.C. § 922(a)(3).

FACTS

7. On March 11, 2025, Officer Alex Vang of the La Crosse Police Department responded to a theft complaint at 800 St. James Street, which is the address for Heritage Haven Apartments. According to open-source materials, Heritage Haven Apartments are designed for senior citizens and people with physical disabilities.

8. At Heritage Haven Apartments, Officer Vang met James Leslie Thompson, who indicated that Thompson was a licensed firearm dealer and provided his credentials to Officer Vang.

9. According to Thompson, several days prior, Torrence Chester called Thompson to inquire about a pistol Chester purchased from Palmetto State Armory. Palmetto State Armory was sending the firearm to Thompson's address. Thompson told Chester that Thompson was supposed to be doing the legal paperwork for Chester to obtain the gun.

10. On May 27, 2025, Thompson was interviewed by Investigator Tolvstad. Thompson explained that he uses the address 1227 3rd Street South in La Crosse [Dave's Guitar Shop] for deliveries that firearm companies won't send to his residence. He prefers to have firearms sent to his residence, so he doesn't have to drive across town. Thompson stated that Palmetto State is a company that will send items directly to his residence.

11. Thompson said he spoke with Palmetto State Armory after he spoke with Chester and confirmed the order. Specifically, Palmetto State Armory confirmed that

3

Chester purchased a Smith and Wesson M&P Bodyguard 380 caliber pistol, and that Palmetto State Armory was shipping the pistol to Thompson's address on St. James Street. Thompson said he verified that the firearm was being delivered by UPS and provided Officer Vang the tracking number.

12. Thompson further indicated that he spoke with UPS on March 11, 2025. A UPS representative informed Thompson that the package was delivered on March 10, 2025, at 11:58 a.m. The UPS representative advised Thompson that Chester had intercepted the package and signed the receipt with Chester's name on it.

13. Video obtained from outside of Heritage Haven Apartments showed that at 8:54 a.m., a dark maroon Cadillac pulled up to the apartment building and parked on the street facing east. The Cadillac sat outside the apartment building until 11:54 a.m. At that time, a UPS truck went by the apartment building, conducted a U-turn, and must have parked somewhere off camera. A male with Chester's physical characteristics got out of the Cadillac.

  

14. A separate video from a camera facing the front entrance of the apartment building showed the bodies of two males, one wearing similar clothing to the male from the Cadillac and one wearing a brown uniform. The heads of these individuals are not visible, but it appears from their body movements that they have a brief conversation.

4

The UPS driver appeared to give the male from the Cadillac an item and the male left.

  

15.     At 11:57 a.m., the parking lot video shows that the male got back into his vehicle and left with a package:



16.     Dispatch confirmed that Chester is the registered owner of a 2008 Cadillac listed as black in color with a license plate of AKT 5401.

17.     A customer service manager from Palmetto State Armory called Chester and said, "it looks as if you, um, intercepted the delivery to the FFL." Chester responded, "right." The representative asked why, Chester said the FFL wasn't answering the FFL's phone, so Chester assumed the FFL "was trying to keep my purchase or something." The representative told Chester that was illegal for him to intercept the gun and told Chester that Palmetto was going to report the firearm as stolen if Chester didn't take it back to the FFL within 24 hours.

18. On March 11, 2025, Palmetto State Armory followed up with an email reiterating that Chester needed to return the firearm to Thompson at the St. James Street address within 24 hours. Chester did not do so.

19. On March 17, 2025, Tolvstad called UPS and spoke with a staff member who identified Daniel Olson as the driver who delivered the package to Chester.

20. On March 24, 2025, Tolvstad spoke with Olson on the phone who confirmed this information. Olson indicated he handed the box over to a male with a last name of Chester and the first name started with a "T." Olson described the individual as a black male in his mid-30s, last name of Chester, under 6'0", he thought approximately 5'10". Olson stated the male was sitting in his car. The male walked up to Olson. The male had the tracking number on his phone and was able to confirm that he was the person that had purchased the package. Olson noted there was damage on the driver's front bumper of the vehicle in which the male was waiting. Olson stated that the male looked over 21 years of age, and that the male had the order forms. Olson added that the package was shipped to James Thompson at 800 St. James Street #210.

21. On March 27, 2025, Officer Lang advised he observed Chester in his Cadillac at the Kwik Trip on Cass Street in La Crosse. Officer Lang attempted to talk to Chester however Chester walked into the store and did not listen to him.

22.     Investigator Tolvstad went over to Kwik Trip and made contact with Chester. Tolvstad asked Chester if Tolvstad could get the gun back so Chester could go through the background check process. Tolvstad told Chester, he did not see anything in Chester's criminal history which would prevent him from owning a firearm. Chester became standoffish and stated that the gun was legally his and that he did not have to give it back. Tolvstad advised him that Chester needs to go through the background check process at a firearms dealer.

23.     Chester argued and indicated that the company changed the delivery address. He said it was supposed to go to Dave's Guitar Shop which he had selected on the website, however, it got moved to 800 St. James Street and he did not give permission for it to be moved.

24.     Tolvstad asked Chester for gun back to run the proper background checks and paperwork. Tolvstad also told Chester that he would try to get the gun back for Chester after the proper paperwork was completed.

25.     Chester did not retrieve the gun or agree to take it to an FFL, and Tolvstad left the scene.

26.     On or about June 5. 2025, law enforcement executed a federal search warrant at Chester's residence located at 600 King Street, La Crosse, Wisconsin. Officers located the Smith & Wesson M&P Bodyguard 380 pistol, serial no.: KJM7088, and approximately 14.9 grams of marijuana in the residence.

27. The government seeks to forfeit the defendant firearm described in this action.

28. Any additional facts and circumstances supporting the forfeiture of the defendant firearm are contained in the attached declaration and incorporated herein this complaint.

29. Thompson as the FFL does not have any ownership interest in the gun, and, therefore, he does not have standing to make a claim.

WHEREFORE, the United States of America prays:

(1) that process of warrant be issued for the arrest of the defendant property;

(2) that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) that judgment be entered ordering the property to be forfeited to the United States of America for disposition according to law; and

(4) that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this __29th__ day of October 2025.

                    CHADWICK M. ELGERSMA
                    Acting United States Attorney

           By: */s/ Heidi L. Luehring*
                 HEIDI L. LUEHRING
                 Assistant U. S. Attorney
                 222 W. Washington Avenue
                 Madison, Wisconsin 53703